UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11597-DMG (RAOx)** | Date | June 4, 2026 |
|---|---|---|---|

| Title | *Jehan Semper v. Whole Foods Market Inc, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR A STATUS CONFERENCE AND TO REINSTATE DEFENDANTS AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION [50]**

On June 2, 2026, Plaintiff filed an *ex parte* "application for a Rule 16 status conference and case management order" and "request for clarification" of the status of certain Defendants. [Doc. # 50.]

First, scheduling a Rule 16 conference would be premature at this time.  Under Federal Rule of Civil Procedure 16(b)(2), the Court must issue a scheduling order "within the earlier of 90 days after the defendant has been served with the complaint or 60 days after any defendant has appeared."  Service was completed on May 4, 2026 and no defendant has appeared.  *See* Doc. # 44.  Plaintiff's *ex parte* application is therefore **DENIED** in this regard.

Second, on March 10, 2026, the Court issued an Order dismissing Defendants Whole Foods, Whole Foods Market LLC, Whole Foods Market California, Inc., and Mrs. Gooch's Natural Food Markets, Inc. without prejudice.  [Doc. # 32.]  The Court did so because Plaintiff asked the Court to construe her claims as alleged against a single defendant Whole Foods Market, Inc., which is domiciled in Texas with its principal place of business in Texas.  [Doc. # 32 at 1.][1] Plaintiff now seeks reinstatement of the previously dismissed defendants and service by the United States Marshal.  [Doc. # 50 at 4.]   Plaintiff's *ex parte* application to reinstate the prior dismissed defendants is **GRANTED** and the aforementioned Defendants are **HEREBY** reinstated to this action.  Because the Court may lack subject matter jurisdiction, however, such service by the United States Marshal shall not be ordered until the Court's Order to Show Cause is resolved.

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

---

CV-90                                **CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11597-DMG (RAOx)** | Date | June 4, 2026 |
|---|---|---|---|

| Title | *Jehan Semper v. Whole Foods Market Inc, et al.* | Page | 2 of 2 |
|---|---|---|---|

It appears, according to a conference between Plaintiff and Defendant Whole Foods Market, Inc., Defendant Mrs. Gooch's Natural Food Markets is an entity with California citizenship. *See* Doc. # 50 at 2.

Under 28 U.S.C. section 1332(a)(1), the Court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC* 840 F.3d 606, 613–14 (9th Cir. 2016).

To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Limited liability companies are citizens of every state or country in which their owners, members, or partners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall file her response no later than **June 19, 2026**. Defendants may file their response, if any, by **July 3, 2026**. **Failure to file a timely satisfactory response will result in the dismissal of this action without prejudice for lack of jurisdiction.**

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|